UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| MICHAEL SHANE SPRINGER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 2:24-cv-02005-JTF-atc |
| ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| COLLETE PETERS, M. FULGUM, and ) | |
| JAMES WILLIAMS, ) | |
| ) | |
| Respondent. ) | |

**ORDER DISMISSING PETITION UNDER 28 U.S.C. § 2241 (ECF NO. 1) WITH PREJUDICE;
DENYING PENDING MOTIONS (ECF NOS. 2 & 7) AS MOOT;
CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH; AND
DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS***

On January 3, 2024, Petitioner Michael Shane Springer, federal Bureau of Prisons ("BOP") booking number 20976-076, filed a habeas corpus petition under 28 U.S.C. § 2241. (ECF No. 1 ("Petition").) When Springer filed the Petition, he was confined at the Diersen Charities, a BOP contracted residential reentry center in Memphis, Tennessee. (*Id*. at PageID 1.) However, Springer failed to either (1) pay the $5.00 habeas filing fee required by 28 U.S.C. § 1914(a) or (2) submit an application to proceed *in forma pauperis* and a copy of his trust account statement. The Count entered an Order on January 5, 2024, directing Petitioner to file an *in forma pauperis* affidavit or pay the $5.00 habeas filing fee. (ECF No. 4 (the "Compliance Order").) The Compliance Order warned Springer that "[f]ailure to comply with this order in a timely manner will result in dismissal of this action without further notice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b)." (*Id*. at PageID 22.) On January 5, 2024, the Clerk of

Court mailed the Compliance Order to Springer at the Diersen Charities, which was returned as undeliverable on February 5, 2024.  (ECF No. 5.)

On February 26, 2024, Springer filed: (1) a prisoner affidavit to proceed in district court without prepaying fees or costs (ECF No. 6); and (2) a "Motion For Expedited Relief With Regards To The Writ Of Habeas Corpus" (ECF No. 7).  Springer's filings reflected a new mailing address (the "New Address").  (ECF No. 6-1 at PageID 33; ECF No. 7-1 at PageID 42.)

On March 4, 2024, the Court granted leave to proceed *in forma pauperis*.  (ECF No. 8 (the "IFP Order").)  The Clerk of Court mailed a copy of the IFP Order to Springer at his New Address.

According to the federal BOP website as of the date of this Order, Springer was released from confinement at the Diersen Charities on March 21, 2024.  (*See* https://www.bop.gov/inmateloc/ (last accessed Aug. 21, 2024).)

Springer's Petition challenges (1) the denial of a smartphone under the BOP's "Statement of Work" and the Diersen Charities Memphis "Handbook" and (2) the "actions of staff … [in] violation of equal protection" at Diersen Charities.  (ECF No. 1 at PageID 6-7.)  "In general a case becomes moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Murphy v. Hunt,* 455 U.S. 478, 481 (1982).  "A habeas petition that does not challenge the validity of a criminal judgment ordinarily is moot when the condition at issue has abated or the inmate has been transferred to another facility." *Thomas v. Batts*, No. 2:18-cv-02064-TLP-tmp, 2019 WL 921460, at *2 (W.D. Tenn. Feb. 25, 2019) (citing *Forbes v. Trigg*, 976 F.2d 308, 312 (7th Cir. 1992) (dismissing as moot a habeas petition because petitioner had been released from segregation) and *Demis v. Sniezek*, 558 F.3d 508, 512-513 (6th Cir. 2009) (habeas petition for denial of transfer became moot upon transfer and subsequent release from custody)).

Springer's Petition is moot because he is no longer housed at the Diersen Charities. In other words, the Petition asks the Court to consider a controversy that is no longer active.

Because there is no active case or controversy to be redressed by the Court[1], the Petition (ECF No. 1) is hereby DISMISSED WITH PREJUDICE. The pending motions (ECF Nos. 2 & 7) are DENIED as moot because the case will not proceed. Judgment shall be entered for Respondent.

Federal prisoners who file petitions pursuant to 28 U.S.C. § 2241 challenging their federal custody need not obtain certificates of appealability under 28 U.S.C. § 2253(c)(1). *Durham v. United States Parole Comm'n,* 306 F.3d 225, 229 (6th Cir. 2009). A habeas petitioner seeking to appeal must pay the filing fee required by 28 U.S.C. §§ 1913 and 1917. To appeal *in forma pauperis* in a habeas case under 28 U.S.C. § 2241, the petitioner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir.1997). Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis,* a petitioner must file his motion to proceed *in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a)(4)-(5).

In this case, because Petitioner is clearly not entitled to relief, the Court determines that any appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is DENIED. If Petitioner files a notice of appeal, he must also pay the full $605 appellate

---

[1] Furthermore, by failing to keep the Court informed of Springer's current address, he has failed to prosecute this case. *See* Fed. R. Civ. P. 41(b).

filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the United States Court of Appeals for the Sixth Circuit within thirty (30) days.

      IT IS SO ORDERED, this 21st day of August, 2024.

                                         /s/ John T. Fowlkes, Jr.
                                        JOHN T. FOWLKES, JR.
                                        UNITED STATES DISTRICT JUDGE